Eastern District of Kentucky
F I L E D
MAY 24 2022
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:22-CR-06-CHB

UNITED STATES OF AMERICA                                      PLAINTIFF

V.                          **PLEA AGREEMENT**

JUSTIN SMITH                                                  DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Superseding Indictment, charging a violation of 18 U.S.C. § 371. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), the United States will move at sentencing to dismiss Count 1 of the original Indictment.

2. The essential elements of Count 1 are as follows:

    (a) Two or more persons conspired, or agreed, to knowingly sponsor and exhibit animals in an animal fighting venture, a violation of federal law; and

    (b) The defendant knowingly and voluntarily joined the conspiracy.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) Riverside was an animal fighting venture located east of the intersection of Phil Young Road and Panama School Road, in Clay County, Kentucky, in the Eastern District of Kentucky. Riverside was owned by Millard Oscar Hubbard. Millard Oscar Hubbard, Timothy Sizemore, and

    others, operated Riverside. An animal fighting venture is any event, in or affecting interstate or foreign commerce, that involves a fight conducted, or to be conducted, between at least two animals for purposes of sport, wagering, or entertainment. Riverside had stadium style seating, storage areas for live roosters, a centrally enclosed cock-fighting pit, additional side pits for cockfighting, a concession stand, an area for weighing roosters, and a station for sharpening animal fighting instruments (gaffs).

 (b) Beginning no later than November 2018, and continuing through at least January 2020, JUSTIN SMITH conspired with others to host regular animal fighting ventures, in the form of cockfights at Riverside, that drew participants from Kentucky and other states. In furtherance of the conspiracy, Oscar Hubbard and Timothy Sizemore, along with others, organized the participants into various fights and collected entrance fees from participants, collected admission fees from attendees, cleaned the pits after the fights, and sold concessions and merchandise to individuals who participated in the animal fighting ventures. In furtherance of the conspiracy, Oscar Hubbard and Timothy Sizemore routinely employed JUSTIN SMITH as a referee during the cockfights.

 (c) On or about December 14, 2019, JUSTIN SMITH worked as a referee at an animal fight at Riverside, which had at least 118 entries.

4. The statutory punishment for Count 1 is imprisonment for not more than 5 years, a fine of not more than $250,000.00, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies to Count 1, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines and range:

 (a) The United States Sentencing Guidelines (U.S.S.G.), August 1, 2021 manual, will determine the Defendant's guidelines range.

 (b) Pursuant to U.S.S.G. § 2E3.1(a)(1) the base offense level is 16 because the offense involved an animal fighting venture.

  (c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, the offense will decrease by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a departure motion pursuant to U.S.S.G. Chapter 5, Part K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place

within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the

Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 5/24/22   By: *Kate K. Smith* /s/
Kate K. Smith
Andrea Mattingly-Williams
Assistant United States Attorney

Date: 5-16-2022   *Justin Smith* /s/
Justin Smith
Defendant

Date: 5-16-22

_____
Hailey Scoville Bonham
Attorney for Defendant